UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES D. BOYCE,

                Plaintiff,                Case No. 2:16-cv-14395

v.                                                Hon. Arthur J. Tarnow

ROBERT HOBKIRK, ET. AL,

                Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT AND CERTIFYING THAT AN APPEAL COULD NOT BE TAKEN IN GOOD FAITH**

This matter is before the Court on its own review of Michigan prisoner Charles D. Boyce's pro se civil rights complaint. Plaintiff Boyce is incarcerated at the West Shoreline Correctional Facility in Muskegon Heights, Michigan. Plaintiff was convicted of four counts of third-degree criminal sexual conduct after he pled no contest in the Huron County Circuit Court in 2013.

The Court interprets the complaint to allege that the Defendants–five named law enforcement officers, two minor victims, the trial prosecutor, and Plaintiff's criminal defense attorney–conspired to violate Petitioner's constitutional rights during the investigation and prosecution of his criminal case. Plaintiff chiefly asserts that his Fifth Amendment rights were violated when he was not read his *Miranda* rights after his arrest, but he also mentions in passing a conspiracy to convict him between the defendants, violations of his Fourth Amendment rights, violations of his due process rights, and

*Boyce v. Hobkirk*, No. 16-14395

violation of the Eighth Amendment. Plaintiff briefly mentions a use of force by defendant police officer Hobkirk during his arrest, but he does not allege that it resulted in physical harm. Plaintiff seeks monetary damages.

## I. Legal Standard

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams, Sr.*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

*Boyce v. Hobkirk*, No. 16-14395

## II. Analysis

Plaintiff's complaint alleges that the Defendants conspired and violated his constitutional rights during the investigation and prosecution of his criminal case. He names as defendants the law enforcement officers involved, the two minor victims, the trial prosecutor, and his defense attorney. Plaintiff's complaint is barred by the favorable-termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on the claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id*. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)— no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). This holds true regardless of the relief sought by the plaintiff. *Heck*, 512 U.S. at 487-89. The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. If Plaintiff were to

*Boyce v. Hobkirk*, No. 16-14395

prevail on his claim concerning the validity of the investigation and criminal prosecution, his convictions and continued confinement would be called into question. Consequently, his claims are barred by *Heck* and must be dismissed. This dismissal is without prejudice. See *Hodge v. City of Elyria*, 126 F. App'x 222, 223 (6th Cir. 2005) (holding that a case dismissed pursuant to *Heck* should be dismissed without prejudice so that plaintiff may re-assert claims if plaintiff obtains reversal or expungement of convictions).

Finally, Plaintiff briefly mentions in his complaint that the arresting officer, defendant Hobkirk, used unnecessary force "by pushing him to the ground" when he arrested Plaintiff. Dkt. 1, at 7. An excessive force claim under the Fourth Amendment is generally not barred by *Heck*. See *Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010). Nevertheless, this allegation fails to state a claim because Petitioner does not attribute any physical injury to the manner in which he was arrested. *O'Malley v. City of Flint*, 652 F.3d 662, 671 (6th Cir. 2011).

### III. Conclusion

Accordingly, **IT IS ORDERED THAT** the complaint is summarily dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

*Boyce v. Hobkirk*, No. 16-14395

**IT IS FURTHER ORDERED THAT** an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443-45 (1962).

        S/Arthur J. Tarnow
        Arthur J. Tarnow
        Senior United States District Judge

Dated: February 2, 2017

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on February 2, 2017, by electronic and/or ordinary mail.

        S/C. Pickles
        Judicial Assistant